REQUESTED BY: Senator Rex Haberman Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Haberman:
In your letter of December 8, 1983, you indicated a desire to introduce legislation to repeal or amend sections of LB 802 (1983) dealing with the tax imposed on users of `special fuels' who have their own storage facilities for such fuels. You request our opinion as to the constitutionality of the classification in the existing legislation, the constitutionality of the proposed classification, and the necessity of the proposed change in order to withstand a constitutional challenge to the validity of such legislation.
Our response must necessarily begin, however, with our general confidence in the legislature's ability under the Constitution to specially tax users of special fuels (generally, diesel fuel and propane). From our reading of the legislative history of LB 302, it is apparent that the section imposing the tax/permit fee was intended to prevent a special fuels user who had his own storage facilities from escaping tax liability which he would have paid to a retailer had he bought the fuel from the pump. At the retail level, other highway users are taxed according to the amount of fuel they use, thus, by the amount of their usage of the highways. Article III, Section 18 of the Nebraska Constitution, as interpreted by the Nebraska Supreme Court requires that any such classification be based upon `real and substantial differences' and that a rational basis for the classification is afforded by that difference. Statev. Edmunds, 211 Neb. 380, 318 N.W.2d 859 (1982). Here, since fuel users were escaping tax liability by using their own storage facilities, it seems rational that they be subject to special permit fee.
However, the method of taxation employed under LB 302 appears constitutionally suspect. As enacted in Neb.Rev.Stat. § 66-644 (Supp. 1983), the tax is to be based upon the weight of the user's vehicle. Since fuel taxes are essentially user fees, that section's taxation according to the weight of the user's vehicle does not adequately reflect the amount of fuel used by the vehicle on the state's highways. For example, the owner of a heavy feed truck which was used only one or two times per year would be forced to pay a much larger tax for that truck if he had his own storage facilities than if he paid his fuel taxes at a retail station. Further, that same truck would be subject to much greater liability under the present classification system than would a diesel passenger car which was on the highways a great deal, but was fueled from the user's own tanks. The notion that, the heavier the vehicle, the more fuel used, does not account for the great variances in mileage among such vehicles. `State laws are accorded a presumption of validity,' Parker v. Roth, 202 Neb. 850, 278 N.W.2d 106
(1979). However, the tax paid here bears no apparent relationship to the amount of fuel used. Therefore, the present method of taxation does not appear to be a constitutionally permissible classification scheme because a difference in weight is not a rational basis for the classification.
In response to your second question, concerning the proposed legislation, we feel that making the amount paid by a special fuel user corresponding to the amount of fuel actually used would cure any potential constitutional problems with the legislation. Since this would more directly connect the tax with the user's highway use, it would have a rational basis which would be constitutionally valid.
In response to your final question, since we feel that the present classification is constitutionally suspect, we are of the opinion that the proposed change in classification would preclude any constitutional challenge to the tax imposed on users of `special fuels.'
Very truly yours,
PAUL L. DOUGLAS Attorney General
Henry M. Grether, III Assistant Attorney General